IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIANA GALE<br>　　Plaintiff<br><br>v.<br><br>TIMES TEN CELLARS, L.P., KERT PLATNER, AND ROBERT WILSON<br>　　Defendants | § § § § § § § § § § § | CIVIL ACTION NO.<br><br><br>JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Diana Gale brings this Original Complaint against Defendant Times Ten Cellars, L.P., and its owners, Defendants Kert Platner and Robert Wilson, and shows as follows:

**I.  SUMMARY**

1.　　This is action is brought pursuant to the anti-retaliation provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA").  Gale worked as a server for Times Ten Cellars, a wine tasting room and lounge, for more than nine years.  On November 29, 2016, Plaintiff participated in an exchange of e-mails between management and the winery's employees concerning the business's pay practices. During the exchange, Gale complained that Defendants violate the law by confiscating servers' tips to share them with the winery's office manager and by failing to pay overtime compensation when an employee works over 40 hours in a workweek.  Hours later, Defendants fired Gale.

2.　　This case involves direct evidence of Defendants' unlawful motivation for discharging Gale and the causal link between Gale's protected conduct and her

termination. To be sure that Gale understood that Defendants were firing her for complaining about the winery's overtime and tip pool practices, Defendants Kert Platner and Robert Wilson notified Gale in writing that, "[y]ou are being terminated … as a result of the emails you sent to management and company staff … accusing the company of violating Texas employment laws …" To add further insult to Gale's injury, Defendants also barred Gale from returning to the winery's premises or patronizing the establishment.

3. Defendants' actions violate Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), which makes it unlawful for an employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint …" Defendants' actions in violation of the FLSA are "willful."

4. Gale brings this action to recover all lost wages and damages allowable under the law, an equal amount of liquidated damages, reasonable attorney fees, interest, and costs.

## II. PARTIES

5. Plaintiff Diane Gale is an individual who resides in Dallas County, TX. She consents to be a plaintiff in this action.

6. Defendant Times Ten Cellars, L.P. is a Texas limited partnership actively doing business in the State of Texas, including in this district. Defendant Times Ten Cellars may be served though its registered agent Robert Wilson at 6324 PROSPECT AVE., DALLAS, TX 75214-3936.

7. Defendant Kert Platner is an individual who, upon information and belief, resides in Dallas County, TX. Defendant Platner may be served at his place of business,

6324 PROSPECT AVE., DALLAS, TX 75214-3936, his place of residence, 6903 BOB-O-LINK DALLAS, TX 75214, or where ever he may be located.

8.       Defendant Robert Wilson is an individual who, upon information and belief, resides in Dallas County, TX.  Defendant Wilson may be served at his place of business, 6324 PROSPECT AVE., DALLAS, TX 75214-3936, his place of residence, or where ever he may be located.

### III.  JURISDICTION AND VENUE

9.       This Court has original jurisdiction over this action because Gale asserts a claim arising under federal law. Venue is proper in this district because it the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, Gale resides in this district, Defendants employed Gale in this district, and Defendants conduct business in this district.

### IV.  COVERAGE

10.      At all times material to this action, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Gale.

11.      At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12.      At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Sections 3(r) of the FLSA, 29 U.S.C. § 203(r).

13.      At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have

been moved in or produced for commerce by any person and in that said enterprise have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Defendant Times Ten Cellars is engaged in commerce by, among other things, transacting business across state lines through credit card transactions as well as by purchasing wine from outside of Texas for sale to customers located at its Dallas location.

14. At all times material to this action, Defendants Platner and Wilson have acted, directly or indirectly, in the interest of an employer in relation to Gale. For example:

  a. Defendants Platner and Wilson hold themselves out to the public as Time Ten Cellars' founders and owners (*see, e.g.*, https://txwinelover.com/2012/09/times-ten-cellars-dallas; and https://www.facebook.com/kert.platner?hc_ref=SEARCH);

  b. Defendants Platner and Wilson make decisions relating to significant aspects of Defendant Time Ten Cellars' day-to-day business;

  c. Defendants Platner and Wilson make decisions affecting the terms and conditions of employees' employment at Time Ten Cellars, including how much to pay them, whether or not to pay overtime compensation for hours worked over 40 in a seven (7) day workweek, and whether Gale and other servers should be forced to share tips with the winery's office manager; and

  d. Defendants Platner and Wilson made or participated in the decision to terminate Gale's employment on November 29, 2016;

15. All times hereinafter mentioned, Gale was an employee engaged in commerce or in the production of goods for commerce as defined by the FLSA. Among other things, Gale helped to process credit card transactions, including transactions on the sale of out-of-state wines consumed at Defendant Time Ten Cellars' Dallas location.

## V. FACTUAL BACKGROUND

16. Defendant Times Ten Cellars is a wine tasting room and lounge. The winery has two locations: one in Dallas and one in Fort Worth. The Dallas location opened in 2005. Times Ten Cellars earns over $500,000 per year in gross sales. It provides wine tastings, serves food, and hosts special events and receptions.

17. Gale began working as a wine server for Defendants at the Dallas location in May 2007.

18. Like other servers, Defendants paid Gale an hourly rate. Servers also receive tips. The servers pool their tips and take home a *pro rata* portion of tips received from customers. Each shift, Times Ten Cellars would total the servers' tips paid by credit card and in cash, and then divide the total amount of tips by the number of servers to be shared equally. At the end of the shift or day, Times Ten Cellars wrote each server a check for their share of the tips paid by credit card.

19. However, sometime after Gale's employment with Defendants began, Defendants modified the tip policy described in the preceding paragraph and began requiring servers to share a *pro rata* portion of their tips with Times Ten Cellars' officer manager, Jorge Cortez. When this change was implemented, Cortez did not work as a server or otherwise serve wines or food to Times Ten Cellars' customers. Nonetheless, Defendants required Gale and the other servers to share their tips with Cortez.

20.     In late November 2016, Defendants announced another change to its tip policy.  On November 26th, one or more of Defendants e-mailed Gale and the Dallas location's other employees that, effective the first payroll date of 2017, Times Ten Cellars no longer would write checks to servers for their share of tips paid by credit card at the end of their shift.  Instead, Defendants would remit these tips to servers as part of the winery's standard payroll check.

21.     This was a significant change as a majority of the servers' tips are paid by credit card and, further, it may be two weeks or so before a server would receive his/her credit card tips.  For example, under the newly-announced policy, credit card tips earned by a server on Friday, January 6, 2017 would not be paid until the first scheduled payroll date of 2017 on January 20th.

22.     News of the change was not warmly received.  A series of e-mails between Defendants and the servers (and other employees) ensued.

23.     One server reacted sharply to Defendants' feeble attempt to make light of the situation:  "This really isn't funny.  Some of us live day to day, not even paycheck to paycheck."

24.     Another added, "Think before you type next time.  Extremely inappropriate."

25.     The next e-mail was from Gale, who inquired how the new tip system would work and whether servers would be able to verify that Time Ten Cellars, in fact, was paying them all of the tips paid by credit card.  To Gale, greater transparency was necessary because she believed that Defendants were violating the law by siphoning off some of their tips to share with Cortez and not paying overtime when an employee worked over 40 hours in a 7-day workweek.

26. At 10:14 a.m., Gale wrote to Defendants and her co-workers:

> From: D Gale [mailto:bigtoesarefun@hotmail.com]
> Sent: Tuesday, November 29, 2016 10:14 AM
> To: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮>
> Cc: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Times Ten Cellars <winery@timestencellars.com>; Kert Platner <kertp@msn.com▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Rob Wilson <rob.wilson@sbcglobal.net>; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; 123vazquez@gmail.com
>
> Subject: Re: Changes to our tip system
>
> Times Ten Cellars.
>
> Will there be an accounting on our paychecks of the Tips collected for each day?   Will you all just put a number on our checks of what we've earned without any accounting?
>
> It is difficult to transfer to a new system knowing how difficult it has been for our management to "keep track" of OUR earnings.  And why are we changing now?  Seems that the money has been accounted for and we are certain that cash is no longer disappearing. Or is it ?  There has been no communication from management. And now it is being dictated that we all must change with no reasoning or evidence that we need to change.  There needs to be more discussion. There needs to be more facts disclosed. This is our money that we earn on the floor while others are not there.
>
> We deserve to have our earnings clearly acknowledged on our paychecks. **We also know that "OUR earnings go to pay others which is against Texas workers laws.  Times a ten Cellars also refuses to pay overtime which is again against the law.** These facts erode our confidence in our management to be honest with our monies.  This only adds to our worries that the money we earn will once again not all come back to us. We all know others in this industry and that is a very common problem for workers who earn tips. We need to be sure in writing that that is not the case for Times Ten Cellars and our faithful team.  If these changes are coming about, they need to be in writing, the need for changes need to be verified, and we need contracts to protect our earnings for workers both now and in the future.
>
> Diana
>
> Sent from my iPad

(Emphasis added) (co-workers' e-mail addresses redacted).

27. Defendants' response to Gale was short and self-aggrandizing:

> On Nov 29, 2016, at 11:19 AM, "Kert Platner" <kertp@msn.com> wrote:
>
> Diana,
>
> Rob Wilson and myself are two of the most trustworthy people you will meet and or work, not to mention

Plaintiff's Original Complaint  – Page 7

generous. If you don't want to work at Times Ten Cellars and do not trust us then, I would suggest looking for another place to work.

We have always had the backs of our staff/family and we will continue to do so. Just because we are making changes that are COMPLETELY legal and normal doesn't mean our compassion for the staff and business have changed.

Moving forward if you have any concerns you should see me directly.

Regards,

Kert Platner

28.     Gale replied at 1:27 p.m.:



From: D Gale <bigtoesarefun@hotmail.com>
Sent: Tuesday, November 29, 2016 1:27 PM
To: Kert Platner
Cc: ▮▮▮▮▮; Times Ten Cellars; ▮▮▮▮▮ Rob Wilson; ▮▮▮▮▮
Subject: Re: Changes to our tip system

Kert,

Unfortunately you have decided to take this personally. It is not personal, it is business.

None of us at Times Ten Cellars made the laws that concern how employees in the state of Texas are to be paid. Myself included. Asking me to leave will not change anything.

We are not lawyers or law makers. But we can read the laws and we do have rights as employees. **Texas laws state that management cannot take monies from tip pools to pay other workers and that workers who work over 40 hours in a week are required by law to be paid overtime. You and Rob break these laws on a regular basis**.

I agree that your current system of writing checks everyday is not practical. I am not concerned one way or the other if we go back to being paid cash everyday, now that the stealing is over, or if you pay us by check twice a month. My concern is how will our wages be accounted for on our paychecks? No discussion of any kind has been bought forward on this issue. What is your plan? We need to have each days's tips listed and then totaled on our checks. Transparency will help us all.

Thank you. Diana


Sent from my iPad

(Emphasis added) (co-workers' e-mail addresses redacted).

29.     In response to Gale's e-mail, Defendants uncorked their final communication

Plaintiff's Original Complaint – Page 8

with Gale: Defendants fired her:

> From: Times Ten Cellars <winery@timestencellars.com>
> Sent: Tuesday, November 29, 2016 4:53 PM
> To: Diana Gale
> Subject:
>
> November 29, 2016
>
> Diana,
>
> Please let this email serve as notice that effective immediately your employment with Times Ten Cellars is terminated for misconduct. You are being terminated for misconduct as a result of the emails you sent to management and company staff on November 29, 2016 falsely accusing the company of violating Texas employment laws and other improprieties. These false accusations negatively affect the morale and performance of the other employees.
>
> In response to the first email you sent at 10:14 am on November 29, 2016, Kert Platner advised you by email sent at 11:19 am that with regard to any further concerns, you should contact Kert Platner directly. However, rather than contact Kert Platner directly as instructed, you again emailed the company and numerous members of company staff at 1:27 pm on November 29, 2016 with your false accusations that the company has stolen from its employees and violated Texas employment laws.
>
> Your final check will be mailed to you at the address we have on file.
>
> Also, please note that your patronage and or presence is not welcome here at the winery and we request that you not enter the premises in the future.
>
> Regards,
>
> Kert Platner
> Rob Wilson
>
>
> Times Ten Cellars
> 6324 Prospect Ave
> Dallas, TX 75214
> 214.824.9463
> www.timestencellars.com

30.     Upon information and belief, before making the decision to terminate Gale's employment, Defendants did not ascertain whether or not their tip pooling or overtime practices were in compliance with the FLSA, or whether or not terminating Gale's employment based on her November 29th complaints violated the law.

## VI.  CAUSE OF ACTION:
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

31. Plaintiff incorporates the preceding paragraphs of this Complaint as if stated fully herein.

32. Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), makes it unlawful for an employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint …"

33. Gale had a good-faith belief that Defendants' actions violate the law. Specifically, Gale believes that Defendants' action violated the law by Defendants confiscating her and other servers' tips to share with the office manager, Jorge Cortez, and by not paying employees at least one and one-half times their regular rate of pay for all hours worked in excess of 40 in any seven (7)-day workweek.

34. Defendants discharged Gale because she complained about Defendants' violations of the law.

35. Defendants otherwise discriminated against Gale by, among other things, barring her from patronizing or visiting the winery because she complained about Defendants' violations of the law.

36. A causal link exists between Gale's complaints and Defendants' decision to terminate her employment.

37. Defendants' actions in violating Section 15(a)(3) of the FLSA were "willful."

## VII.  JURY DEMAND

38. Gale hereby requests a trial by jury on all issues appropriate for determination by a jury under the FLSA.

## IX. RELIEF SOUGHT

39. WHEREFORE, cause having been shown, Plaintiff Diana Gale prays for judgment against Defendants, jointly and severally, seeking all legal and equitable relief available for violations of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), including:

   a. An Order, pursuant to Section 16(b) of the FLSA, finding Defendants liable for wages lost as a result of the violations of Section 215(a)(3) of the FLSA; and

   b. An Order, pursuant to Section 16(b) of the FLSA, awarding Gale reinstatement or, alternatively, front pay as a result of the violations of Section 215(a)(3) of the FLSA; and

   c. An Order, pursuant to Section 16(b) of the FLSA, awarding Gale compensatory damages to the maximum extent permitted as a result of the violations of Section 215(a)(3) of the FLSA; and

   d. An Order, pursuant to Section 16(b) of the FLSA, finding Defendants liable for liquidated damages equal in amount to the wages and other damages found due to Gale as a result of the violations of Section 215(a)(3) of the FLSA or, in the alternative, exemplary damages to the maximum extent permitted; and

   e. An Order awarding Gale the costs of this action; and

   f. An Order awarding Gale her attorneys' fees; and

   g. An Order awarding Gale pre-judgment and post-judgment interest, as allowable, at the highest rates allowable by law; and

    h. For an Order granting such other and further legal and equitable relief as may be necessary and appropriate.

Respectfully submitted,

_____
Barry S. Hersh
State Bar No. 24001114

*Board Certified in Labor and Employment Law*
*Texas Board of Legal Specialization*

Hersh Law Firm, P.C.
3626 N. Hall St., Suite 800
Dallas, TX 75219-5133
Tel. (214) 303-1022
Fax (214) 550-8170
barry@hersh-law.com

ATTORNEY FOR PLAINTIFF